# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 356 | **DATE** | April 26, 2013 |
| **CASE TITLE** | John Griffin (R65840) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders prison trust fund officials to deduct $41.33 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Trust Fund Officer at the Stateville Correctional Center. The Clerk is instructed to issue summonses for service on all defendants. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Plaintiff's motion for assistance of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pro se plaintiff John Griffin, a Stateville Correctional Center inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel (Dkt. No. 4).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $41.33. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

     Plaintiff alleges that he was detained in inhumane conditions of confinement at Cook County Jail Division Three. This included exposure to extreme cold, lack of proper water for drinking and bathing, lack of ventilation, lack of visitation, lack of mail, no health care, lack of

recreation, and no access to a law library. Plaintiff may proceed with a claim of being detained in inhumane conditions of confinement. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008).

Plaintiff may proceed against all individual defendants because he alleges that they were personally involved with the constitutional violations. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)). Plaintiff may also proceed against Cook County because he alleges that his placement in Division Three was pursuant to a county policy. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the officer as a John Doe is ultimately insufficient. He cannot obtain service on the Doe defendant, he must determine his name. Once an attorney has entered an appearance on Sheriff Dart's behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns the Doe Defendant's identity, he may submit a proposed amended complaint that names the Doe Defendant under his or her actual name. A summons will then issue for service on the Defendant who allegedly injured Plaintiff. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Doe Defendant as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk is instructed to issue summonses for service on all defendants. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all Defendants. Any service forms necessary for the Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the Plaintiff, Cook County / Cook County Jail, shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained

| STATEMENT |
|---|

only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for assistance of counsel (Dkt. No. 4), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.